UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT HAYES and JASMEET HAYES, jointly and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CITIZENS FINANCIAL GROUP, INC., et al.,<br><br>Defendants. | Case 1:16-CV-10671-RGS |

## CLASS ACTION SETTLEMENT PRELIMINARY APPROVAL ORDER

Scott Hayes and Jasmeet Hayes ("**Named Plaintiffs**"), jointly and in their putative representative capacity as plaintiffs on behalf of others similarly situated, and defendants Citizens Financial Group, Inc., Citizens Bank, N.A. f/k/a RBS Citizens Bank, N.A., and Citizens Bank of Pennsylvania (collectively "**Citizens**"), by and through their respective counsel, have advised the Court that they have agreed to a settlement ("**Settlement**") of this action ("**Action**") upon the terms and conditions set forth in the Parties' Settlement Agreement and Release, dated September 25, 2017 ("**Settlement Agreement**"). Named Plaintiffs' counsel filed the Settlement Agreement as an exhibit to their motion requesting the Court to preliminarily approve the Settlement, send notice of the Settlement to the Class Members (defined below), and schedule a hearing to determine the ultimately fairness, reasonableness, and adequacy of the Settlement ("**Fairness Hearing**").

The Court has preliminarily reviewed and considered the Settlement embodied in the Settlement Agreement, the exhibits thereto, Plaintiffs' motion for preliminary approval, Plaintiffs' supporting memorandum and the affidavit from Plaintiffs' counsel. Based on that

review and consideration, the Court makes the following findings and, furthermore, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Court adopts the terms defined in the Settlement Agreement for the purpose of this Class Action Settlement Preliminary Approval Order ("**Preliminary Approval Order**"). Capitalized terms used in this Preliminary Approval Order shall have the meanings ascribed to them in the Settlement Agreement unless otherwise stated.

2. The Parties' Settlement appears to have resulted from arm's-length negotiations between the Parties' counsel and after the Parties' counsel conducted a reasonable investigation and analysis of the facts and law concerning the claims asserted in this Action. Accordingly, the Court preliminarily finds and concludes that the Settlement is within the range of fairness, reasonableness, and adequacy such that (a) Notice should be sent to the Class Members for the purposes of determining whether the Class Members will exclude themselves from participating in the Settlement as Settlement Class Members or whether any Settlement Class member has any objections to the Settlement, and (b) after Notice and a ruling on any timely and valid objections, the Court will finally consider and determine whether the Settlement is fair, reasonable, and adequate as to the Settlement Class Members at a Fairness Hearing.

3. The Court, in its discretion and for Settlement purposes only, conditionally certifies the Class as:

> Any person who holds or held, individually or jointly, one or more of the 41,064 Citizens or Charter One Bank Home Equity Line of Credit accounts and Line of Credit accounts identified by Citizens as possibly having been charged an annual account fee (or portion thereof) in error on or before December 31, 2016. The following persons are excluded from the Settlement Class: all persons who are officers or directors of Citizens or any of its subsidiaries, as well as Judges of the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court, in its discretion and for settlement purposes only, conditionally finds that:

    (a) the Class is so numerous that joinder is impracticable;

    (b) there are questions of law or fact common to the Class;

    (c) the claims of the Named Plaintiffs are typical of the claims of the Class;

    (d) the Named Plaintiffs and Class Counsel are capable of fairly and adequately protecting the interests of the Class and there does not appear to exists any conflicts of interest among them and the Class Members;

    (e) common questions of law and fact predominate over questions affecting only individual Class Members; accordingly, the Class is sufficiently cohesive to warrant adjudication through settlement by representation; and

    (f) the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Class.

5. The Notices attached to the Settlement Agreement, and the manner in which Notice is to be distributed to the Class Members, appears to be fair and reasonable and the best notice that is practicable under the circumstances as well as to comply with due process because the Notice and manner are reasonably calculated to adequately apprise Class Members of the factors set forth in Fed. R. Civ. P 23(c)(2)(B), including, without limitation, (i) the nature of the Action, (ii) the definition of the Class, and (iii) the binding effect of the Final Order and Judgment on Settlement Class Members.

6. Garden City Group, LLC is appointed as the Settlement Administrator to send Notice and administer the Settlement.

7. Named Plaintiffs are conditionally appointed as the Class Representatives. Ellis & Rapacki LLP is conditionally appointed as Class Counsel.

8. As provided in the Settlement Agreement:

(a) the Settlement Administrator will send Notice to the Class, pursuant to the terms and conditions of Paragraph 7.4 of the Settlement Agreement, within thirty (30) calendar days after the date of this Preliminary Approval Order ("**Notice Date**").

(b) All exclusion requests and objections must be submitted pursuant to the Settlement Agreement (Paragraphs 8.1 and 8.2) and Notice within seventy-five (75) calendar days from the Notice Date ("**Bar Date**"). Class Counsel shall submit an application for payment of the Agreed Fees and Agreed Service Award no later than fifteen (15) calendar days before the Bar Date.

(c) Class Members who fail to submit exclusion requests by the Bar Date shall waive their right to exclude themselves from the Settlement and will be deemed Settlement Class Members. Any Settlement Class Member who fails to comply with the provisions of Paragraph 8.2(a) and (b) of the Settlement Agreement when submitting an objection will not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

(d) A Fairness Hearing shall be held on February 22, 2018 at 2:30 p.m. Class Counsel shall file a motion for final approval of the class action settlement, as set forth the Settlement Agreement, no later than fifteen (15) calendar days before the Fairness Hearing.

(e) The form of Final Order and Judgment attached to the Settlement

Agreement is preliminarily approved and all Settlement Class Members will be bound by the Final Order and Judgment and the terms of the Settlement Agreement if the Final Order and Judgment is approved at or after the Fairness Hearing.

9. Pursuant to Section 6 of the Settlement Agreement, the Parties shall treat the information to be conveyed by Citizens to Class Counsel as strictly confidential and for use in this proceeding only. To the extent the Court requests any such information in this proceeding, the Parties shall follow Local Rule 7.2 and submit a joint motion seeking to impound that information, if necessary. Upon the Effective Date, Class Counsel shall destroy any such information provided to them pursuant to the Settlement Agreement by Citizens.

10. If the Settlement Agreement terminates for any reason or is not approved by the Court, or for any reason the Parties fail to obtain a Final Order and Judgment as contemplated by the Settlement Agreement, or the Settlement is terminated pursuant to the terms of the Settlement Agreement or for any other reason:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) This Preliminary Approval Order shall be vacated automatically, the Action shall proceed as though the Class had never been certified pursuant to the Settlement and such findings had never been made, and the Action shall return to the procedural status quo before entry of this Preliminary Approval Order;

(c) Nothing contained in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Citizens or Named Plaintiffs, on behalf of themselves or the Class Members, on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this Action as a class action; and

(d) Nothing contained in this Preliminary Approval Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this Action, including, but not limited to, motions or proceedings seeking treatment of this Action as a class action.

11. Pending final determination of whether the Settlement should be approved, no Class Member directly or indirectly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Persons in any court, tribunal, or other adjudicatory body asserting any of the Released Claims. All Settlement Class Members shall be bound by the Final Order and Judgment should it be entered.

12. Nothing contained in this Preliminary Approval Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

13. All discovery, pretrial proceedings, and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Preliminary Approval Order.

14. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with any non-material modifications that may be agreed to by the Parties and Court without further notice to the Class.

DATED: October 2, 2017.

Richard G. Stearns,
United States District Court Judge